# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| OSCAR RENE DIAZ, | : | CIVIL ACTION NO. |
| BOP Reg. # 57772-019, | : | 2:17-CV-162-RWS-JCF |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 2:06-CR-11-RWS-JCF-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|     Respondent. | : | 28 U.S.C. § 2255 |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Movant, a federal prisoner, has filed a Motion For Consideration For Reduction Of Sentence Under Rule 60(b)(1), Rule 60(b)(3). (Doc. 264). But, as shown below, his FED. R. CIV. P. 60(b) motion is actually an impermissibly second or successive § 2255 motion, which is due to be dismissed. *See* Rule 4 of the Rules Governing Section 2255 Proceedings ("If it plainly appears from the [§ 2255] motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

Movant filed a 28 U.S.C. § 2255 motion in May 2014 (Doc. 221), which this Court dismissed as second or successive, noting the following procedural history:

> In February 2006, a federal grand jury returned a five-count indictment charging Movant and an accomplice with two drug trafficking offenses

> and with carrying a firearm during and in relation to a drug trafficking crime, and also charging Movant's accomplice with two separate crimes. (Doc. 21). A petit jury convicted Movant of the two drug trafficking offenses and acquitted him of the firearm offense (Doc. 124), and this Court sentenced him to a 292-month term of imprisonment (Doc. 140). The Eleventh Circuit affirmed Movant's convictions and sentences, and on November 3, 2008, the Supreme Court of the United States denied his petition for certiorari review. *United States v. Diaz*, 279 Fed. Appx. 739 (11th Cir.), *cert. denied*, 555 U.S. 977 (2008). On October 19, 2010, Movant signed and filed a 28 U.S.C. § 2255 motion, seeking leave to file the motion belatedly. (Doc. 208). This Court denied the § 2255 motion as time-barred. (Doc. 209). Movant signed and filed the instant § 2255 motion, his second, on May 11, 2014. (Doc. 221 at 16).

(Doc. 222 at 2; *see* Doc. 224; *see also* Doc. 254 (August 2016 order reducing Movant's sentence to 235 months' imprisonment)).

Although Movant purports to seek relief now under Rule 60(b), he requests a reduction in his sentence based on the alleged improprieties and ineffective assistance of his trial counsel, in particular the advice counsel gave Movant at sentencing, which Movant alleges resulted in an increase in his sentence beyond what the Court was contemplating. (*See* Doc. 264 at 2, 5-7). In short, he seeks relief he may obtain only via a successive § 2255 motion, after receiving authorization from the Eleventh Circuit to file one:

> A Rule 60(b) motion from the denial of a § 2255 motion is considered a successive motion if it seeks to present a new ground for relief from a judgment of conviction or if it attacks the federal court's previous

2

> resolution of a claim on the merits. Conversely, a Rule 60(b) motion is permissible if neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's . . . conviction. Thus, a Rule 60(b) motion would be proper, for example, if it: (1) asserts that a federal court's previous ruling that precluded a merits determination was in error; or (2) attacks a defect in the federal proceeding's integrity, such as a fraud upon the court.

*Peters v. United States*, 678 Fed. Appx. 890, 891-92 (11th Cir. 2017) (citations and internal quotations omitted) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-35 & nn.4-5 (2005)). Here, Movant does not attack the dismissals of his previous § 2255 motions on procedural grounds. Rather, he attacks his sentence directly, raising a claim similar to one of the substantive claims he raised in his most recent § 2255 motion. (*See* Doc. 222 at 2 n.1 (noting that Movant claimed in that § 2255 motion that "trial counsel was ineffective for not advising him of his right not to testify, which led to a sentencing enhancement for obstruction of justice")).

Movant also asserts that "new information has come to light" to support his latest § 2255 motion, namely, his trial counsel's "fraudulent conduct," which led this Court on January 4, 2017 to order trial counsel to return $2,500 to Movant. (Doc. 264 at 2-3; *see* Doc. 262). But "new information" is the sort of thing that must *first* be presented to a court of appeals in seeking authorization to file a second or successive § 2255 motion. As there is no indication in the record that Movant has obtained the

3

requisite authorization from the Eleventh Circuit, the § 2255 motion now before the Court must be dismissed for lack of jurisdiction. *See* 28 U.S.C. §§ 2244(b), 2255(h); *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004).

A federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (internal quotations omitted). Because Movant has not made the requisite showing, a certificate of appealability should not issue in this matter.

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's motion (Doc. 264) be **DISMISSED** as a second or successive 28 U.S.C. § 2255 motion, under Rule 4 of the Rules Governing § 2255 Proceedings, and that Movant be **DENIED** a certificate of appealability.

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 8th day of August, 2017.

                                    /s/ *J. CLAY FULLER*
                                    J. CLAY FULLER
                                    United States Magistrate Judge

AO 72A
(Rev.8/82)